IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE APPLICATION OF ) | |
| THE LIVERPOOL LIMITED ) | MISC. No. 21-MC-86-CFC |
| PARTNERSHIP, ) | |
| Petitioner, for an Order Pursuant to ) | |
| 28 U.S.C. § 1782 to Conduct Discovery ) | |
| for Use in a Foreign Proceeding. ) | |

### MEMORANDUM ORDER

Pending before me is an application filed by the Liverpool Limited Partnership pursuant to 28 U.S.C. § 1782 for an order authorizing it to issue a subpoena to Bank of America Corporation (BAC) for discovery to be used in an appraisal action pending in Japan in which Liverpool seeks a determination of the fair value of its shares of LINE Corporation. D.I. 2 ¶ 1. BAC is a Delaware corporation and the parent company of BofA Securities Japan Co., Ltd. D.I. 6 ¶ 2. BAC opposes the § 1782 application.

Liverpool seeks by the requested subpoena (1) documents relating to the role of BofA Securities in advising the Special Committee of LINE's Board of Directors on the fairness of LINE's tender offer and share consolidation transactions with minority shareholders and (2) Rule 30(b)(6) deposition testimony on that topic and on the topic of BAC's efforts to comply with the subpoena's

document request. D.I. 6-1. Neither BAC nor BofA Securities is a party in the Japanese appraisal action. D.I. 3 at 1, 14.

A district court has authority to grant an application under § 1782 when three statutory conditions are met: (1) the person from whom discovery is sought "resides or is found" within the district; (2) the discovery is "for use in a proceeding before a foreign or international tribunal"; and (3) the application is made by an "interested person." 28 U.S.C. § 1782(a); *see also In re Bayer AG*, 146 F.3d 188, 193 (3d Cir. 1998).

BAC does not dispute that the second and third conditions are satisfied here. BAC contends that the first condition is not met because the requested documents "reside—if anywhere—in Japan with BofA Securities." D.I. 23 at 11. BofA Securities, however, is not the target of the subpoena. Liverpool seeks to serve the subpoena on BAC, not BofA Securities; and BAC is a Delaware corporation and therefore it resides and is found in this District. Accordingly, the first condition of § 1782 is satisfied here. (To be clear, and so there is no doubt about how to interpret this Memorandum Order, because BAC is a Delaware corporation and the parent of BofA Securities, documents that "reside" with BofA Securities are nonetheless in BAC's possession, custody, and control. *E.I. duPont de Nemours & Co. v. Phillips Petroleum Co.*, 621 F. Supp. 310, 312 n. 3 (D. Del. 1985).)

If the statutory conditions are satisfied, the decision to grant a § 1782 application lies within the district court's discretion. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264 (2004). The Court identified in *Intel* four factors relevant to that discretionary determination: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the foreign proceedings, and the receptivity of the foreign government to federal judicial assistance; (3) whether the request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the request is unduly intrusive or burdensome. *Id.* at 264–65. "A court should apply these factors in support of § 1782's 'twin aims' of 'providing efficient assistance to participants in international litigation and encouraging foreign countries by example to provide similar assistance to our courts.'" *In re Biomet Orthopaedics Switzerland GmBh*, 742 F. App'x 690, 696 (3d Cir. 2018) (quoting *Intel*, 542 U.S. at 252).

Having considered and balanced the *Intel* factors and twin aims of § 1782(a), I will grant Liverpool's application insofar as its subpoena seeks the production of documents and deposition testimony about the documents and "the method by which such [d]ocuments were identified, collected, and reviewed for production." D.I. 6-1 at 9 (topic 1). I will otherwise deny the application.

3

First, neither BAC nor BofA Securities is a participant in the Japanese action and therefore the first *Intel* factor favors compelling the discovery sought by Liverpool. *See Intel*, 542 U.S. at 264 (noting that "nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent §1782(a) aid."). Second, BAC has not identified any reason to believe that the Japanese court will refuse to consider the evidence Liverpool seeks by its proposed subpoena. Thus, the second *Intel* also weighs in favor of granting Liverpool's application.

Third, BAC has not demonstrated that the proposed subpoena conceals an attempt by Liverpool to circumvent Japan's proof-gathering restrictions or other policies. BAC does not identify in its briefing a discovery restriction or policy that applies to Japanese appraisal proceedings, let alone show that Liverpool is attempting to circumvent such a restriction or policy. The only restrictions on discovery BAC identifies are restrictions Japan imposes on the taking of depositions *for United States judicial proceedings*, see D.I. 23 at 18, and restrictions Japan's Act on the Protection of Personal Information (APPI) places on "the transfer or disclosure of personal information to a third party located *outside of Japan*," D.I. 23 at 18–10 (emphasis added). Although these restrictions might

4

bear on the fourth *Intel* factor (i.e., whether complying with the discovery requested in the § 1782 application would be unduly burdensome) they have no relevance to the third *Intel* factor. BAC's position that the third *Intel* factor favors denial of Liverpool's application is also contradicted by its statement that "Japanese courts can compel the production" of the documents and witnesses covered by the proposed subpoena. D.I. 23 at 17. If Japanese rules and policies allow the discovery sought by Liverpool's subpoena without restriction, Liverpool can't logically be accused of circumventing those rules and policies.

Finally, with respect to the fourth *Intel* factor, BAC argues as follows:

> Petitioner has made no attempt to narrowly tailor its requests. Instead, Petitioner broadly lists every category of conceivable relevance to the LINE transaction—including: *all* documents and communications exchanged with any member of the board, the Special Committee, the Company, or their advisors relating to the transaction or any alternatives contemplated by the Company; all documents and communications exchanged with the Buyer Group concerning the Company; and all documents exchanged with any financial advisor of the Buyer Group Petitioner then seeks to have BAC testify concerning "[a]ll [d]ocuments produced . . . in response to the subpoena." What is more, the proposed subpoena would give Respondent a meager 21 days to respond.
>
> The subpoena poses an additional and significant burden by requesting documents that BAC neither possesses nor controls. As discussed in Section I.A, *supra*, the documents Petitioner seeks are located in

5

> Japan and reside—if anywhere within the Bank of America enterprise—with BAC's Japanese subsidiary. Even if BAC had control over the documents, which it does not, the subpoena would require BAC to import these documents from Japan, translate the documents, and have U.S. attorneys review the documents—only then to have the documents eventually shipped back to Japan for use in a Japanese appraisal proceeding. Similarly, witnesses with knowledge of the transaction reside in Japan and because it is currently not possible to hold a deposition in Japan, BAC would be required to fly a Japanese witness to the U.S. at an immense burden to both BAC and the witness in the midst of a global pandemic, or alternatively, somehow educate a Delaware resident with no personal knowledge using documents from Japan.

D.I. 23 at 20–22 (citations omitted) (emphasis in the original).

I reject BAC's complaints that Liverpool made no attempt to narrowly tailor its requests and that the subpoena broadly listed "every category of conceivable relevance to the LINE transaction." The scope of the categories of subject matter sought by the subpoena is reasonable given the nature of and BofA Securities' role in the transactions at issue in the appraisal action. I also reject out of hand BAC's complaint that the subpoena seeks "*all* documents" related to those categories of documents. BAC offers no hint, let alone an estimate, of the number of documents covered by the subpoena.

BAC's assertion that the subpoena "request[s] documents that BAC neither possesses nor controls" is, as noted above, wrong as a matter of law. *See E.I.*

6

*duPont de Nemours*, 621 F. Supp. at 312 n. 3. And its contention that "the subpoena would require it to import these documents from Japan, translate the documents, and have U.S. attorneys review the documents—only then to have the documents eventually shipped back to Japan for use in a Japanese appraisal proceeding" is ill founded. The documents are sought for use in a Japanese proceeding and can be produced in electronic form. There is, therefore, no requirement that the documents be translated or physically imported into the United States; nor is it the case that the documents must be reviewed by attorneys in the United States. Moreover, to the extent that BAC wants to review the documents in the United States, it can conduct that review using computers and therefore does not have to physically import the documents into this country.[1]

---

[1] To the extent BAC meant to argue that Japan's APPI made it unduly burdensome for it to comply with the requested subpoena, I reject that argument. BAC alleges, without elaboration or a supporting declaration from a Japanese law expert, that Liverpool's "discovery request would likely violate" the APPI. D.I. 23 at 18. But BAC acknowledges that the APPI covers only "information relating to an individual living in Japan from which the identity of the individual can be ascertained, including information containing their name, date of birth, or other identifiable descriptions." D.I. 23 at 19 n.6. BAC does not allege, and there is no reason to believe, that the documents covered by the subpoena contain this type of information. Thus, it does not appear that complying with the subpoena will implicate the APPI. In the event BAC identified responsive documents that did contain information covered by the APPI, it could redact the information and seek an appropriate protective order from this Court.

7

There is, however, much merit to BAC's complaint that it would be unduly burdensome for it to produce a corporate designee to provide deposition testimony about the role of BofA Securities in advising the Special Committee of LINE's Board of Directors on the fairness of LINE's tender offer and share consolidation transactions with minority shareholders. Under the unique circumstances present here, I find that requiring BAC to fly a witness from Japan to the United States for a deposition is unduly burdensome because of the Covid-19 pandemic. Taking the deposition in Japan, if that were even possible in the next few months, would also be unduly burdensome. The restrictions Japan places on deposition testimony for proceedings in the United States are burdensome generally and especially so at this time because of the pandemic. *See* https://jp.usembassy.gov/depositions-in-japan/?_ga=2.150944758.1714128125.1629987276-2130207411.1629987276. Depositions in Japan for United States proceedings may not be taken by phone and, with rare exceptions not applicable here, must occur on the property of the United States Embassy or its Consulates, none of which are currently accepting reservations for depositions. *See id.*

NOW THEREFORE, at Wilmington on this Twenty-sixth day of August in 2021, it is HEREBY ORDERED that:

8

1. Petitioner's Application for an Order of Judicial Assistance Pursuant to 28 U.S.C. § 1782 (D.I. 2) is GRANTED IN PART AND DENIED IN PART;

2. The Application is GRANTED insofar as it seeks documents and deposition testimony regarding the documents and the methods by which the documents were identified, collected, and reviewed for production;

3. The Application is otherwise DENIED.

*/s/ Colm F. Connolly*
COLM F. CONNOLLY
CHIEF JUDGE